IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION—IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF KATHY YOUNG, AS CO-OWNER OF THE 2019 WELLCRAFT 302 FISHERMAN, "REEL THERAPY" (OFFICIAL NUMBER: 1325064; HULL IDENTIFICATION NUMBER: PWEWKA12I819), FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | Case No. |

**COMPLAINT IN ADMIRALTY FOR EXONERATION
FROM, OR LIMITATION OF, LIABILITY**

NOW COMES Limitation Plaintiff Kathy Young (hereinafter, the "Limitation Plaintiff"), as the co-owner of a 2019 30' Wellcraft 302 Fisherman center console recreational vessel, "REEL THERAPY" (Official Number: 1325064; Hull Identification Number: PWEWKA12I819) (hereinafter, the "Limitation Vessel"), by and through counsel, in this action for exoneration from, or limitation of, liability arising from a maritime incident that occurred on December 6, 2025, on the navigable waters of the Chesapeake and Delaware Canal (hereinafter, the "C&D Canal") in or around Chesapeake City, Maryland (hereinafter, the "Incident"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought before this Court pursuant to the federal Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

3. Venue is proper in this Court pursuant to Rule F(9) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter, the "Supplemental Admiralty Rules"), as the Limitation Vessel has not been attached or arrested, no suit has been commenced against Limitation Plaintiff, and the Limitation Vessel is located in Grasonville, Maryland, which is within the District of Maryland, Northern Division.

4. The Incident occurred on December 6, 2025, and, therefore, no written notices of potential claims likely to exceed the Limitation Vessel's fair market value have been made more than six (6) months prior to filing of this Complaint.

## LIMITATION PLAINTIFF AND LIMITATION VESSEL

5. At all material times, Limitation Plaintiff was and is a resident of Maryland.

6. The Limitation Vessel is a 2019 30' Wellcraft 302 Fisherman center console recreational vessel, "REEL THERAPY" (Official Number: 1325064; Hull Identification Number: PWEWKA12I819) purchased by Limitation Plaintiff and her husband, Robert Young, in 2022.

7. At all material times, Limitation Plaintiff has been the co-owner of the Limitation Vessel, along with Robert Young.

## THE INCIDENT

8. On the evening December 6, 2025, Limitation Plaintiff, Robert Young, Carrie Booher, and Eric Booher, all were aboard the Limitation Vessel traveling westbound in the C&D Canal following a lighted boat parade (hereinafter, the "Voyage").

9.      During the Voyage, Robert Young was the Limitation Vessels' only operator. Limitation Plaintiff, Carrie Booher, and Eric Booher, all were passengers aboard the Limitation Vessel.

10.     While transiting the C&D Canal around 11:00 PM EST, the Limitation Vessel allided with a fixed marine structure (hereinafter, the "Incident").

11.     As a result of the Incident, everyone aboard the Limitation Vessel suffered serious injuries.

12.     The estimated fair market value of the Limitation Vessel, following the Incident, is estimated to be FOUR THOUSAND AND 00/100 DOLLARS ($4,000.00) (U.S). Stephen B. Mason, an Accredited Marine Surveyor (AMS), inspected, researched, and surveyed the Limitation Vessel. His affidavit concerning the fair market value of the Limitation Vessel after the Incident is attached to this Complaint as its **Exhibit 1**.

13.     The Limitation Vessel had no pending freight at the time of the Incident.

14.     The nature and extent of the injuries suffered by Carrie Booher and Eric Booher as a result of the Incident are such that the amount of the damages Carrie Booher and Eric Booher might be expected to seek via a claim or claims arising out of the Incident are reasonably likely to exceed the fair market value of the Limitation Vessel immediately after the Incident.

15.     The western end of the C&D Canal connects, unimpeded, to the Elk River, which connects, unimpeded, to the Chesapeake Bay. The Chesapeake Bay connects, unimpeded, to the Atlantic Ocean. The eastern end of the C&D Canal connects, unimpeded, to the Delaware River, which connects, unimpeded, to Delaware Bay. Delaware Bay connects, unimpeded, to the Atlantic Ocean. As a result, the waters of the C&D Canal are part of a continuous navigable waterway subject to federal admiralty jurisdiction.

16. The Incident occurred on the navigable waters of the United States. The Incident had the potential to have a disruptive impact on maritime commerce. Such personal injuries may, *inter alia*, result in temporary obstruction of the navigable waterway or require rescue efforts that may disrupt maritime commerce.

17. The operation of a recreational motor vessel on a navigable waterway is a traditional maritime activity.

## CLAIM FOR EXONERATION OR LIMITATION

18. Limitation Plaintiff is filing this Complaint for Exoneration from, or Limitation of, Liability pursuant to 46 U.S.C. §§ 30501-30512.

19. Subject to the appraisal of her interest in the Limitation Vessel, Limitation Plaintiff is submitting a Letter of Undertaking to this Court, as security for the benefit of potential claimants in the sum of FOUR THOUSAND AND 00/100 DOLLARS ($4,000.00) (U.S.) (hereinafter, the "*Ad Interim* Stipulation"), plus interest at six percent (6%) per annum from the date of said *Ad Interim* Stipulation.

20. Limitation Plaintiff is depositing with the Court, coincident with the filing of this Complaint, a Stipulation for Costs in the sum of ONE THOUSAND AND 00/100 DOLLARS ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1).

21. At all material times prior to the Incident, the Limitation Vessel was sound, seaworthy, properly maintained, manned, equipped, supplied, and fit and safe for her intended purpose.

22. Any negligence or fault associated with the Incident occurred without Limitation Plaintiff's privity or knowledge.

23. Limitation Plaintiff claims the benefit of the federal Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto.

24. The Incident and all injuries, losses, and damages caused thereby or otherwise incurred during or arising from the Incident were not due to any fault, negligence, or lack of due care on the part of Limitation Plaintiff or the Limitation Vessel, nor were any injuries, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel.

25. Limitation Plaintiff contests liability and the liability of the Limitation Vessel for any injuries, losses, or damages occasioned or incurred during or arising from the Incident and has valid defenses thereto based upon the facts and the law.

26. Although filing the *Ad Interim* Stipulation for Value herein, Limitation Plaintiff expressly denies that she or the Limitation Vessel is liable for any injuries, losses, or damages. Limitation Plaintiff hereby claims and reserves the right to contest in this Court, or any other court, any claim of liability against either herself or the Limitation Vessel.

## REQUESTED RELIEF

WHEREFORE, Limitation Plaintiff Kathy Young prays that this Honorable Court will:

A. Enter an Order approving the above-described *Ad Interim* Stipulation for Value in the amount of FOUR THOUSAND AND 00/100 DOLLARS ($4,000.00) (U.S.), for which Limitation Plaintiff deposits a Letter of Undertaking executed by GEICO Marine Insurance Company as security for the total value of her post-Incident interest in the Limitation Vessel, and also approving the Stipulation for Costs in the amount of ONE THOUSAND AND 00/100 DOLLARS ($1,000.00) (U.S.);

  B. Issue a Notice to all persons asserting claims, with respect to which Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on counsel for Limitation Plaintiff a copy thereof and an answer to this Complaint, unless the claim includes an answer so designated, on or before a date to be fixed by the Court;

  C. Issue an injunction restraining and enjoining the prosecution of any and all suits, actions, or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions, or proceedings of any nature or description in any jurisdiction against Limitation Plaintiff as aforesaid, or against the Limitation Vessel or any other property of Limitation Plaintiff, except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during or by the Incident;

  D. Enter judgment in favor of Limitation Plaintiff exonerating her from any injury loss, damage, or liability for any claims in any way arising out of or resulting from the Incident;

  E. If Limitation Plaintiff shall be judged liable and if she is found to have any interest remaining in the Limitation Vessel, limit her liability to the value of such interest; and

  F. Afford to Limitation Plaintiff such other and further relief as the Court deems just and proper.

Dated:  March 13, 2026  Respectfully submitted,

                                        KATHY YOUNG

                                      By: /s/ *Michael D. Collett*
                                            Michael D. Collett | Fed. No. 31066
                                            Willcox & Savage, P.C.
                                            440 Monticello Avenue, Suite 2200
                                            Norfolk, Virginia 23510
                                            Telephone:  757.628.5500
                                            Facsimile:   757.628.5566
                                            mcollett@wilsav.com

                                            *Counsel for Limitation Plaintiff*